## WALKER AND OTHERS *vs.* JEFFERSON.

It is doubtful whether a circuit court possesses the power to give a party time until a subsequent term, to show cause against the granting of a new trial. It is certainly an irregular practice.

But it is clear that, if that term passed without any steps being taken, the power of the court over the case was gone.

THIS was an action of trespass, determined in the Benton Circuit Court, in May, 1842, before the Hon. JOSEPH M. HOGE, one of the circuit judges. Jefferson sued Duckworth, Beebe, Clark, Braithwaite, John G. and William T. Walker, in the first count, for trespass *quare clausum fregit*, alleged to have been committed on the N. W. ¼ of sec. 32, T. 20 N., R. 30 W.; and, in the second count, for taking and carrying away 3000 bushels of corn. Process was served on all the defendants. The first, second, fourth, and fifth pleas were pleaded by all the defendants, jointly; the third, by Duckworth, Beebe, Clark, and Braithwaite.

The first plea was, not guilty.

The second alleged that the close was the soil and freehold of John G. and William T. Walker, wherefore the defendants, in their own right, &c., as they lawfully might, &c., in the first count.

The third plea alleged that, as to the trespasses in the first count, soil and freehold in the Walkers, and entry, &c., by the defendants' pleading, as their servants.

The fourth plea, purporting to defend for all, as to the 2d count, alleged the corn to have been the property of the Walkers, and that the defendants took it as their servants.

The fifth plea alleged a license from the plaintiff.

The record states that, at May term, 1840, the plaintiff filed a similiter to the first plea, and replications to the four other pleas, and that the case was continued on defendants' affidavit. The transcript contains, first, a replication to the fifth plea, denying the license, and issue; second, a demurrer to the third plea; third, replication to second plea, averring the close to be the soil, &c., of plaintiff, and

Walker et. al. *vs.* Jefferson.

not of the Walkers, with issue; fourth, the same replication to the third plea and issue; fifth, replication *de sua injuria* to fourth plea, and issue.

At May term, 1841, a jury was sworn to try the issue, and found the defendants " guilty of the trespasses and wrongs in the declaration contained," and assessed damages to $202 50, for which and costs judgment was rendered. The defendants filed a motion for a new trial, because, first, the Court permitted the plaintiff to read, in evidence, a certain sheriff's deed; second, the Court admitted certain evidence, identifying the land; third, that the jury found, contrary to law, evidence and instructions; fourth, that there was no evidence against Beebe and Clark. On the same day, and before the Court decided the motion for a new trial, the plaintiff moved for leave to enter a *nol. pros.* as to Braithwaite and Beebe, to correct the record, by striking out the judgment, and to enter judgment against Duckworth and Clark, and the two Walkers. The plaintiff's motion was overruled, and a new trial granted; but it was agreed between the parties, and so entered of record, that the plaintiff should have leave to show cause, at the next term, for setting aside the order granting a new trial, which should not prejudice the defendants' right to interpose a bill of interpleader.

The questions were argued at the next (second) term, and the order granting a new trial was set aside, a *nol. pros.* entered as to Braithwaite and Beebe, and judgment against the other defendants, according to the verdict. The motion for a new trial was originally filed on the 14th day of May, 1841. The record at May term, 1842, states that, at the intermediate term, the case was continued, and the leave to show cause extended to the May term, 1842.

The record does not show that any bill of exceptions was taken or filed. There is, in the transcript, a bill of exceptions, purporting to have been filed on the 11th of May, 1841, but not showing, on its face, when it was taken, to the decision of the Court, permitting a witness to testify as to the numbers and bounds of the land, the defendants objecting because he was not the county surveyor, or his deputy; and another bill, taken on the same day, and in the same manner, objecting to the admission, in evidence, of a deed from the

Walker et al. *vs.* Jefferson.

sheriff of Benton county to the plaintiff, for the land mentioned in the declaration as sold by him, under an execution against John G., William T., and John B. Walker, which deed was dated May 8, 1839, and acknowledged before the clerk, but not under the seal of the Court. The defendants brought error.

*By the Court*, PASCHAL, J. The whole proceedings are exceedingly irregular, and the judgment thus rendered is certainly illegal. It is exceedingly doubtful whether the Circuit Court possesses the power to give a party to a subsequent term to show cause against the granting of a new trial. We regard such a practice as irregular, and one which should not be indulged, unless there were peculiar circumstances justifying it. Such a practice is certainly in contravention of the practice governing the Circuit Courts, as prescribed in the *Revised Statutes, p. 637, sec. 132.*

It is perfectly clear, however, that the Court has no power over the cause, should the term at which the motion was to have been heard, expire (as in this instance) without any steps being taken. It was held by this Court, in *Smith vs. Dudley*, 2 *Ark. Rep.* 66, " that when judgment has been pronounced, and the term at which it was given has finally expired, neither the Court nor the parties to the record have any longer any control over it." There was no entry in this case showing any disposition of the cause at the term at which the rule to show cause against the new trial was to have been heard and determined; and, consequently, at the term thereafter, the Court possessed no authority whatever to revive a rule which had expired by its own limitation, at a former term. The rule was finally lost and destroyed, when the term expired at which it was to have been heard; and it could not afterwards be revived or brought into being by any assumed power over it; much less could the Court go on to set aside the new trial previously granted, and enter a *nolle prosequi* as to two defendants, and render a judgment as to the other four. The whole proceeding was unwarranted by any principle of law or practice.

Judgment reversed.