BRANDENBURG ET AL. VS. STATE, USE OF MONROE COUNTY.

The county court acts judicially in adjusting the accounts of an internal improvement commissioner, and has no power to set aside its judgment after the lapse of the term.

*Error to Monroe Circuit Court.*

Hon. GEORGE W. BEASLEY, Circuit Judge.

STILLWELL & WOODRUFF, for plaintiff.

GARLAND & RANDOLPH, for defendant.

Mr. Justice COMPTON delivered the opinion of the court.

The account of Brandenburg, one of the plaintiffs in error, as internal improvement commissioner, was audited in the county court of Monroe county, at October term, 1854, and the amount due from him to the county, for and on account of the internal improvement fund, ascertained to be $1,836.05. At a subsequent term of the same court, held in January, 1855, the settlement made at October term was, for error alleged, set aside, and the account of Bradenburg re-audited, showing a balance against him of $1,551.31, which he was ordered to pay over, but failing to do so, suit was brought on his official bond, and the only breach assigned in the declaration, is his failure to pay this latter sum.

As a defence to the action, it was pleaded in bar by Brandenburg and his sureties, who were defendants below, that after the expiration of the term of the county court, held in October, 1854, the court had no power to set aside the settlement made at that term, and make another between the parties concerning the same subject matter; and that, consequently, the action of the court at January term, 1855, was *coram non judice* and void, imposing no obligation whatever on Bradenburg to pay over the sum then found against him. This was a good defence. In the adjustment of Brandenburg's account, the county court acted judicially, and certainly had no power to set aside its judgment after the lapse of the term at which it was rendered. *Reiff et al. vs. Conner*, 5 *Eng.*, 241; *Cossit vs. Biscoe*, 7 *Eng.*, 95; *Brooks vs. Hanauer*, 22 *Ark.*, 174.

The circuit court erred, therefore, in sustaining the demurrer to the sixth plea of the defendants, for which the judgment must be reversed, and the cause remanded for further proceedings.