### McKnight *v.* Strong, *ad.*

PRACTICE—*setting aside judgment.* The only motions affecting a judgment, duly rendered, authorized by our statute, are motions in *arrest* of judgment, for a *new trial,* and to *set aside* a judgment.

It was too late, at the September term, 1866, to move to set aside a judgment rendered at a preceding term.

WHEN JUDGMENT BECOMES FINAL. A judgment, at the close of the term at which it was rendered, becomes *final,* and passes beyond the control of the court.

AMENDMENT OF RECORD. It is now well settled that the circuit courts of this State have *power* to amend their records in accordance with the facts.

In this case the circuit court had power to allow an *amendment* of the *sheriff's return* to a writ of attachment, upon the affidavit of the sheriff.

### *Appeal from Calhoun Circuit Court.*

Hon. JOHN T. BEARDEN, Circuit Judge.

J. H. ASKEW, for appellant.

WILSHIRE, C. J.

This was an action of assumpsit, by attachment, by Strong against McKnight, brought to the March term, 1866, of the Calhoun circuit court.

At that term of the circuit court, judgment, by default, was rendered against McKnight, and damages assessed by the court for the plaintiff at $3,748$\frac{61}{100}$. On the 3d day of September following, execution was issued by the clerk, directed to the sheriff, &c., by virtue of which the sheriff levied upon certain real estate belonging to the defendant McKnight. And on the 19th day of the same month, McKnight applied by petition, after notice to the plaintiff Strong, to the judge of the circuit court, for an order of *supersedeas* staying the execution, and praying that, at the hearing, the execution and judgment be quashed and held for naught, upon the ground, as alleged in the petition, that the judgment had been rendered without any notice to the defendant McKnight; that the writ of attachment had not been served upon him, or levied upon his property. The circuit judge made the order in vacation, and directed the clerk to docket the case for hearing at the next term of the court.

At the next term of the court the plaintiff, Strong, moved the court for leave to the sheriff to amend the writ of attachment, by showing how he had executed it, (it appearing by the record that he had not indorsed the manner in which he had executed it, when returned into court). Strong accompanied his motion with the affidavit of the sheriff, stating that he had served the writ by reading the same to the defendant McKnight, in his presence and hearing, and by attaching certain personal property as the property of the defendant McKnight.

The defendant McKnight, on the same day of the court, moved the court to quash the execution and judgment, upon the ground that the judgment was rendered at the last preceding term of the court, without notice to him, &c.

The circuit court, upon hearing the motions of both plaintiff

and defendant, quashed the execution, and granted leave to the sheriff to amend his return of the writ of attachment in accordance with the facts. To which decision of the circuit court the defendant excepted and appealed to this court, and assigns as error the following:

1. "That the court erred in overruling the appellant's motion to quash the supposed judgment in favor of the appellee.

2. "In permitting the sheriff to make the return stated in the transcript, and making it a part of the record.

3. "In not quashing said judgment, and holding the same for naught."

The first and third assignments of error present the same question, and we will consider that first. The statute, regulating the practice of law in circuit courts, says: "That no judgment shall be set aside in any of the courts of this State, on motion, unless such motion shall be made within four days after the rendition of such judgment, if the court so long continue; if not, then before the end of the term. The motion of the appellant to *quash the judgment,* we look upon as a motion to set aside the judgment. The only motions affecting a judgment duly recorded, authorized by our statute, are motions in arrest of judgment, for a new trial, and to set aside a judgment, and must be made as prescribed by the statute. We think that it was too late for the appellant to move the court, at the September term, 1866, to set aside a judgment rendered at a preceding term. It has been repeatedly held by this court that at the close of the term of the court at which the judgment is rendered, it becomes final, and passes beyond the control of the court. *Smith v. Dudley,* 2 *Ark.,* 66; *Walker, et al., v. Jefferson,* 5 *Ark.,* 25; *Ashley v. Hyde & Goodrich,* 1 *Eng.,* 103.

As to the second error assigned, which presents the only remaining question, we think that the power of circuit courts in this State to allow their records to be amended in accordance with the facts, so as to make them speak the truth, has been well and correctly settled by this court in the cases of

*King & Houston v. State Bank*, 4 *Eng.*, 185; *Arrington, v. Con-rey, et al.*, 17 *Ark.*, 100; *Alexander v. Stewart*, 23 *Ark.*, 18; and *Brown v. Hill*, 5 *Ark.*, 78. The motion of the appellee for leave to the sheriff to amend, was accompanied by the affidavit of the sheriff showing that the writ of attachment had been served upon the appellant, by reading the same to him, in his presence and hearing; also by the sheriff attaching certain personal property, as the property of the appellant, more than thirty days before the March term, 1866, of the circuit court. We think the amendment by the sheriff, of his return of the writ, was necessary to make the record of the court below speak the whole truth; and the circuit court, by the exercise of its inherent power, in allowing the amendment to be made in accordance with the fact, did not err. In the record and proceedings of the court below we find no error, and the judgment is, in all things, affirmed.