# SUPREME COURT

OF THE

## STATE OF ARKANSAS,

AT THE

## NOVEMBER TERM, 1878.

---

### BRADY VS. HAMLETT.

1. DECREE: *When it becomes absolute.*
   A final decree becomes absolute upon the expiration of the term at which it is rendered, and the court cannot of its own motion, or by consent of parties, open it at a subsequent term, for rehearing; an order entered at the term at which the decree is rendered, granting leave to file a petition for rehearing at the succeeding term, will not keep it within the control of the court. The decree should be opened and the cause continued.

APPEAL from *Bradley* Circuit Court.

Hon. PETER MOSELEY, Special Judge.

*McCain*, for appellant.

ENGLISH, CH. J. :

John Brady brought ejectment against Thomas F. Hamlett, for possession of two forty acre tracts of land, in the Circuit Court of Bradley County. He claimed title under Auditor's tax deeds, which recited that the lands were forfeited to the State for non-payment of taxes of 1863. Hamlett filed an answer and cross-complaint in the nature of a *quia timet* bill, alleging that he paid the taxes charged on the lands for the year 1863, and that they were returned forfeited by mistake, and praying that the Auditor's deed be cancelled, and he quieted in his possession. On his motion the cause was trans-

ferred to the equity side of the court; heard upon the pleadings and evidence at the September Term, 1875, and decree in favor of Hamlett as prayed in his cross-complaint.

After the decree was entered, an order was made that Brady have leave until the first day of the next term to enter a petition for re-hearing.

On the first day of the March Term, 1876, Brady asked for further time to file a petition for re-hearing, and was granted leave to file it on any day of that term.

At the same term there is an entry stating that, by consent of parties, the court ordered that the decree rendered at the previous term be opened for rehearing, and the cause continued.

The cause was again heard at the September Term, 1876, and the same decree was rendered as on the former hearing, and Brady appealed.

The evidence introduced upon the hearing, and put upon record by bill of exceptions, conduced to prove that Hamlett paid to the Collector the taxes charged upon the lands, for the year 1868, but we cannot consider the merits of the case on this appeal.

The decree rendered in the court below at the September Term, 1875, was final. If the court desired to grant appellant time until the next term to file a motion for a rehearing, it should have opened the decree, and continued the cause, so as to prevent the decree from becoming absolute on the expiration of the term, and kept it within its control. But this was not done, and hence on the close of the term, the court lost its power over the decree, and could not, of its own motion, or by consent of parties, open the decree for a new hearing, at a subsequent term of the court; hence all of the proceedings subsequent to the decree rendered at the September Term, 1875, were *coram non judice*.

*Mayor etc.*, v. *Bullock*, 6 Ark., 282 ; *Rawdon* v. *Rapley*, 14 Ark., 203.

Appeal dismissed.