Malpas v. Lowenstine.

MALPAS v. LOWENSTINE.

1. PAYMENT: *By note on third party.  Presumption.*
   The receipt by a creditor from his debtor of a note or bill of a third party is presumed to be for security, but may be as absolute payment of the debt if such be the agreement of the parties.

2. COST: *In actions by attachment.*
   A judgment for defendant and for cost in an action in which he denies the debt, carries the cost of an ancillary attachment as well as in the action.   The circuit judge has no discretion to adjust the cost as in equity causes.

3. CIRCUIT COURT: *Power over its judgments.*
   The circuit courts have no power after the expiration of the term to vacate or modify a judgment or final order, except in the mode and for the causes specified in the civil code.

APPEAL from *Desha* Circuit Court.
Hon. J. A. WILLIAMS, Circuit Judge.

*Sanders & Husbands*, for appellant.

The judgment being for appellant, he, of course, recovered his costs, being the winning party, and the court had no power after the lapse of the term to modify the judgment.

The original judgment had, long before the motion for modification, been fully paid and satisfied, and after that it could neither be modified nor appealed from.   *33 Ark., 459; 35 ib., 125; 39 ib., 110; ib., 271.*

The modified judgment and all proceedings had thereon were null and void.

SMITH, J.   Lowenstine & Bro. sued Malpas for a debt alleged to be due by contract, and swore out an attach-

ment against his property. The defendant, in his answer, denied the indebtedness, because, as he said, he had transferred to the plaintiffs certain notes of third persons, which they had taken in satisfaction of their demand. He also controverted under oath the ground of attachment. There was a jury trial and a verdict for the defendant, upon which a judgment of *nil capiat* and for costs was entered against the plaintiffs. And a motion for a new trial was overruled.

At an adjourned term of the court the plaintiffs, upon notice of the defendant, moved for a modification and correction of the judgment, to the extent of awarding all costs growing out of the attachment proceeding against the defendant. They alleged that the testimony upon the trial showed that they had realized a portion of their claim, from collaterals in their hands, after the commencement of the action, and that the court had, in fact, sustained the attachment and adjudged the costs thereof against the defendant, but by a clerical misprision the judgment had not been so entered. At a subsequent term the court granted the relief prayed, ordering the defendant to pay all costs which accrued in the action up to a certain date, when, as it appeared, the plaintiffs had received the balance that was due them.

When a creditor receives from his debtor the note or bill of a third party, the presumption is he takes it by way of security. Nevertheless he may take it as absolute payment, if such is the agreement. *Aikin v. Peters, 45 Ark., 313.* The issue raised by the pleadings in the main action was, debt or no debt, at the commencement of the suit. That issue the jury determined in favor of the defendant, and their verdict was approved by the trial court. This carried the costs of the ancillary attachment, as well as of the action. The burden of costs was not subject to

*[margin: 1. PAYMENT: By note on third party. Presumption.]*

*[margin: 2. Cost in attachments.]*

be adjusted according to the discretion of the presiding judge, as in equity causes. But the statute provides that, when final judgment goes against the plaintiff, the defendant shall recover costs, and the attachment shall be discharged. *Mansf. Dig. secs. 1043, 378.*

If the court was dissatisfied with the result it should have ordered another trial, unless the defendant would consent that the costs, down to a certain stage in the proceedings, should be taxed to him. But it could not sustain the attachment, and, at the same time, allow the verdict to stand. For judicial proceedings are required to preserve a semblance of consistency. The verdict declared that Malpas owed no debt to Lowenstein & Bro. when he was sued. If this was so, they could have no cause to attach his property.

3. Power to vacate judgments

But, in truth, there is nothing in the record to show that the court did sustain the attachment. And the doings of a court of record can be shown only by its record. Circuit courts have no power, after the expiration of the term, to vacate or modify a judgment or final order, except in the mode and for the causes specified in the civil code. The error complained of was not the mistake of the clerk, but, if there was any, it was in the judgment itself, and nothing existed in the record by which it could be amended. *Badgett v. Jordan, 32 Ark., 154; Turner v. Vaughan, 33 Ark., 454; Leigh v. Armour, 35 ib., 123; Izard County v. Huddleston, 39 ib., 107; Gardenhire v. Vinson, ib., 270; Hocker v. Gentry, 3 Metc. (Ky.), 463; Dodds v. Combs, ib., 28; McManama v. Garrett, ib., 517; Bennett v. Tiermay, 78 Ky, 580; Long v. Eifort, 80 ib., 152.*

The judgment is reversed and cause remanded, with directions to set aside all the orders and proceedings which were made and had subsequent to the rendition of the final judgment in September, 1883.