Johnson v. Campbell.

JOHNSON V. CAMPBELL.

1. JUDGMENTS: *Vacating after close of term.*
   A judgment of the Circuit Court cannot be vacated therein after the expiration of the term at which it is rendered, except upon complaint filed in accordance with the provisions of section 3909 Mansf. Dig. And where a petition to set aside a decree is presented only by way of exceptions to the report of a sale, it should be rejected.

2. JUDICIAL SALES: *On credit not directed by order.*
   Where land was sold on a credit of *three* months under a decree which fixed the term of credit at *four* months, it was not an abuse of the court's discretion, to confirm the sale on being satisfied that no injury had resulted from the irregularity.

APPEAL from *Franklin* Circuit Court.

G. S. CUNNINGHAM, Judge.

Campbell brought this suit against Johnson to recover the amount of certain promissory notes executed by the latter for the purchase money of a tract of land, and to enforce his lien on the land. At the return term a judgment by default was taken against Johnson for the amount of the debt and for the sale of the land. At the next term of the court, the commissioner appointed to execute the order of sale, made his report, and the defendant filed exceptions thereto, alleging that the sale was not made upon a credit of four months, as required by the decree, and that no proof was filed showing that notice of the sale was published as required by the decree. The exceptions also contained allegations to the effect that a defense to the action existed, and that it was not made at the proper itme

because the defendant from sickness was unable to attend the court, and his agent having been informed that the court had adjourned and no proceeding in the cause would then be had, was also absent at the time the judgment was taken. He prayed that the decree and sale be set aside. The court refused to vacate the judgment, overruled the exceptions to the commissioner's report and confirmed it. The defendant appealed.

Mansfield's Digest, section 3909, is as follows:

"The court in which a judgment or final order has been rendered or made shall have power, after the expiration of the term, to vacate or modify such judgment or order:

"First. By granting a new trial for the cause, and in the manner prescribed in section 5155.

"Second. By a new trial granted in proceedings against defendants constructively summoned.•

"Third. For misprisions of the Clerk.

"Fourth. For fraud practiced by the successful party in the obtaining of the judgment or order.

"Fifth. For erroneous proceedings against an infant, married woman or person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings.

"Sixth. For the death of one of the parties before the judgment in the action.

"Seventh. For unavoidable casualty or misfortune preventing the party from appearing or defending.

"Eighth. For errors in a judgment, shown by an infant in twelve months after arriving at full age, as prescribed in section 5184."

Section 3911, *ib.*, is as follows:

" The proceedings to vacate or modify the judgment or order on the grounds mentioned in the fourth, fifth, sixth, seventh and eighth subdivisions of section 3909, shall be by complaint, verified by affidavit, setting forth the judgment or order, the

grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On the complaint, a summons shall issue and be served, and other proceedings had as in an action by proceedings at law."

*J. V. Bourland*, for appellant.

1. The commissioner wholly disregarded the decree, by selling on less time than ordered, thus discouraging bidders; and by selling at an inadequate price, and without any showing that notice was given as required of the sale. *Mansf. Dig.*, *sec. 3909.*

2. Appellant showed a good defense, and a good excuse for not being present. *40 Ark., 420.* A clear case of "abuse of discretion" is shown in the confirmation of the sale.

PER CURIAM. The court, after the lapse of the term, had

*Vacating judgments.* no power to vacate the judgment except upon complaint filed in accordance with the provisions of section 3909 of Mansfield's Digest.

There was no error in rejecting the petition to vacate the judgment when presented by way of objection to the confirmation of the report of sale.

*Judicial sales.* There appears to have been due and legal notice of the time, terms and place of sale. It was made upon a credit of three months, however, instead of four, as the decree directed. The defendant showed no injury resulting from the departure from the direction, and the court being satisfied that none had resulted therefrom, did not abuse its discretion in confirming the sale.

Affirm.