TERRY v. LOGUE.

## Opinion delivered January 23, 1911.

1. DECREE—RELIEF AGAINST AFTER TERM.—After the expiration of the term at which a decree was rendered the court rendering it has no power to vacate or set it aside except on application under Kirby's Digest, § 4431, or by bill of review; and where a petition to set aside a decree is presented only by way of exceptions to the report of a sale thereunder, it should be rejected. (Page 317.)

2. BILL OF REVIEW—NEW EVIDENCE.—One against whom a decree was rendered will not seven years thereafter be granted relief against it on a bill of review because of newly discovered evidence conducing to establish a defense if all the facts constituting the defense were known to him at the time the decree was entered and he failed to interpose the defense. (Page 317.)

3. SAME—LEAVE TO FILE.—As leave to file a bill of review for newly discovered evidence is necessary, where such leave has not been obtained, it should, on motion, be stricken from the files. (Page 318.)

Appeal from Franklin Chancery Court; *E. L. Matlock,* Special Chancellor; affirmed.

*Robert J. White,* for appellant.

Appellant is not estopped, because his claim under the deed that he is the owner is a separate and distinct cause of action, raises entirely new issues and presents an entirely different state of facts from those adjudicated in the former suit. 23 Cyc. 1297, 1298, 1302, 1304; 25 C. C. A. 469; 30 Cent. Dig. 124; 54 C. C. A. 54; 94 U. S. 351, 354; 35 N. E. 479; 23 L. R. A. 187; 26 N. E. 1110; 53 Ark. 307; 55 Ark. 293; Bigelow on Estoppel (3 ed.), 37-43; 25 Ark. 576; *Id.* 293. Failure to plead and assert title under the deed in the former suit was due to the advice of appellant's attorney. One who acts under erroneous advice and adopts wrong proceedings is not thereby estopped. 16 Cyc. 733; 152 Mo. 303; 53 S. W. 1078; 76 S. W. 240; 18 C. C. A. 197; 42 S. W. 805.

*Sam R. Chew,* for appellee.

Appellant is estopped. In his answer to the former suit he expressly admitted that M. F. Terry died seized and possessed of one-half of the land in question and claimed himself to own only one-half. Under the statute it was his duty to set out in his answer as many grounds of defense, counterclaim and set-

off as he had, and the loss of the deed, if it had ever existed, was no excuse for failure to plead it. 19 Ark. 420; 18 Ark. 332, 333; 43 Ark. 232; 41 Ark. 75. The facts and circumstances all go to show that the alleged deed was a forgery and void, and the finding of the chancellor on this point will not be disturbed unless it should appear to be clearly against the preponderance of the evidence. 71 Ark. 605; 68 Ark. 314; 68 Ark. 134; 73 Ark. 489.

KIRBY, J. A suit was first brought by appellee, the widow of M. F. Terry, against appellant, his brother, his mother, and other heirs of her deceased husband, in which it was alleged that she was the owner of an undivided half interest in certain lands and two-thirds interest in the homestead tract in Franklin County of which her husband died seized and possessed; that they were a new acquisition and not an ancestral estate; that L. D. Terry was the owner of the other unidivided half interest except to the homestead in section 4, in which he owned one-third interest; specifically alleged the interest of L. D. Terry and each of the other heirs, and claimed one-half of her husband's interest for dower, and that she also was entitled to certain personal property of his estate as dower, and prayed a decree fixing and defining her interest in said lands and partition thereof, and, if partition could not be made, then that they be sold and the proceeds divided.

L. D. Terry answered and denied that M. F. Terry died seized and possessed of the lands as claimed; alleged that they were purchased jointly by M. F. Terry, his brother and himself; claimed that it was the intention of his invalid brother that he should have the lands at his death for taking care of him during his life; that he was to allow and pay him for all improvements made more than his part of the land should bear; that he made such improvements of the value of $500, of which his brother was advised and stated that he wanted him (L. D. Terry) to consider the lands as his and to make his work a lien on the lands; and asked that his answer be taken as a cross complaint, etc. A compromise as to the division of the personalty was pleaded.

The court rendered a decree adjudicating the rights of the parties and giving appellee absolutely in fee one-half of all the

lands of which M. F. Terry died seized and possessed and a homestead right in the two-thirds of the 33 acres which were the home of the decedent, and set aside the compromise agreement as to the personalty, it being without consideration and made by plaintiff without knowledge of her legal rights.

The court further decreed a sale of the lands for partition, they not being susceptible of division, appointed a commissioner to make the sale and report his proceedings to the next term of court.

At the July term, 1907, of the court, L. D. Terry appeared and filed a complaint asking the court to set aside the sale of the lands made by the commissioner, alleging that he was the sole and exclusive owner of the lands described in the original complaint; that his brother, M. F. Terry, who had owned a one-half undivided interest therein, by deed executed and delivered to him on July 8, 1896, about six months before his marriage to plaintiff, conveyed such interest to him; that he knew this fact when he filed his original answer in the first suit, and did not allege it therein because he was unable to find the deed, and his attorney told him he could not avail himself of the deed unless it could be found, and advised him to make no contention for the land; that since the sale he found the deed, in looking through his papers, in an envelope with some tax receipts; and exhibits same to the court, etc.

Prayer for sale to be set aside, the partition proceedings dismissed, that he have a decree for the lands described in the petition for partition, time to prepare his case, and for general relief.

Appellant filed a general demurrer to this complaint, which she denominated exceptions to the commissioner's report of sale, and an amended answer setting up an estoppel of L. D. Terry to make exceptions to the report and such claims to the land by the judgment in the original suit, which was appealed by him to the Supreme Court and there affirmed and the whole matter *res judicata;* that long before the suit was brought he expressly recognized and conceded plaintiff's right, title and interest in and to said lands; denied that M. F. Terry executed and delivered said deed to L. D. Terry, and alleged it was a forgery; prayed that the petition and exceptions be stricken from

the records, the sale of the commissioner confirmed, for costs and other relief.

The chancellor, upon these pleadings and oral proof, found that the petition and exceptions of L. D. Terry were without equity; that the question presented therein could have been adjudicated in the original suit, and presented no new cause for adjudication and settlement; that the sale was duly made, etc.; dismissed the petition for review and exceptions for want of equity; confirmed the sale of the lands; ordered distribution of the proceeds; and taxed the costs. L. D. Terry appealed from this judgment.

The decree adjudicating the rights and title of the parties herein to the lands described in the original complaint for dower and partition and directing a sale of them was rendered by the court below on appellee's complaint against appellant and others at the September, 1900, term of the chancery court.

The decree appealed from, confirming the sale of the lands and dismissing appellant's exceptions thereto and petition for review or vacation of judgment for want of equity, was rendered at the July, 1907, term of said court.

After the expiration of the term at which a decree is rendered the court rendering it has no power to vacate or set it aside except on application under the statute for some cause specified or by bill of review. *Jacks* v. *Adair,* 33 Ark. 162; *Turner* v. *Vaughan,* 33 Ark. 454. Section 4431 of Kirby's Digest contains the grounds for vacating such judgment, and none of them were alleged in the petition, and this court has held that a petition to vacate, presented by way of objection to the confirmation of a report of sale, as in this case, is not the proper practice. *Johnson* v. *Campbell,* 52 Ark. 316.

If this petition be treated as a bill for review for newly-discovered evidence, it is without merit. It shows on its face that appellant did not set up claim of title in the original suit under this conveyance, although all the facts were known to him and his attorney at that time, and the deed was actually in his possession among his papers. *Webster* v. *Diamond,* 36 Ark. 539; *Turner* v. *Vaughan,* 33 Ark. 461; *Jacks* v. *Adair,* 33 Ark. 162; *Woodall* v. *Moore,* 55 Ark. 28; *Bartlett* v. *Gregory,* 60 Ark. 453.

The law requires that a defendant shall set forth in his

answer as many grounds of defense as he shall have. Section 6894, Kirby's Digest. Certainly, he will not, seven years after a decree is rendered, be granted relief against it on a bill for review because of newly-discovered evidence conducing to establish a defense and claim of title when he did not at that time interpose such defense, although all the facts were known to him then.

Leave to file the bill in the first instance was necessary, and, not having been obtained, it should have been stricken from the files upon appellee's motion. *Webster* v. *Diamond,* 36 Ark. 538; *Jacks* v. *Adair,* 33 Ark. 173.

Not being sufficient, it was subject to demurrer, and the demurrer to it should have been sustained. *Greer* v. *Turner,* 47 Ark. 30; *Woodall* v. *Moore,* 55 Ark. 29.

The chancellor's action in dismissing the bill was right, and the decree is affirmed.