### EARLY & COMPANY v. MAXWELL & COMPANY.

#### Opinion delivered May 20, 1912.

1. APPEAL AND ERROR—TIME FOR FILING BILL OF EXCEPTIONS.—Where time is allowed for filing a bill of exceptions, the bill should not only be signed within the time, but should be filed with the clerk within the time so allowed. (Page 570.)

2. SAME—HOW TIME FOR FILING BILL OF EXCEPTIONS COMPUTED.—Where time is allowed by the trial judge for filing a bill of exceptions beyond the term for a given number of days, the rule for computing the time allowed is to exclude the day on which the order granting the time is made and include the last day. (Page 570.)

Appeal from Sharp Circuit Court; *J. W. Meeks*, Judge; affirmed.

*George G. Dent*, for appellant.

The court erred in dismissing the appeal. 31 Ark. 268; *Id*. 550; 32 *Id*. 292. It was an abuse of discretion. Cases *supra*.

*McCaleb & Reeder*, for appellee.

1.   The bill of exceptions was not filed in time.   91 Ark. 566; 95 *Id.* 331; 35 *Id.* 386; 58 *Id.* 110; 42 *Id.* 488.

2.   Appellant's time was limited to sixty days; the first day excluded, the last included.   26 N. E. 61; 41 *Id.* 1069; 51 N. W. 24; 50 *Id.* 986; 28 S. W. 84; 27 *Id.* 555; 128 *Id.* 1077; 10 Ark. 497; 33 *Id.* 421.   No excuse for delay in filing the transcript was shown.   21 Ark. 457; 31 *Id.* 268; 31 *Id.* 550.

3.   It was the duty of appellant to see that the transcript was filed within time.   48 Ark. 73; 87 *Id.* 230; 96 *Id.* 555.

Wood, J.   Appellant commenced this action against appellee before a justice of the peace on the 8th of November, 1909, by filing a verified account for $74.   On the 27th of November, 1909, appellee answered, and set up a counterclaim, and also a setoff.   The appellant asked that the cause be continued and set for trial on the 7th of December, which was done, and on the 7th of December the court, after waiting three hours for plaintiff, heard the evidence, and found that the plaintiff was indebted to defendant in the sum of $65.18, and rendered judgment accordingly.   On the 24th of December, 1909, appellant filed an affidavit for appeal.   The cause was docketed in the circuit court at the February term, 1911, the transcript being filed on the 3d of February, 1911.   At the February term, 1911, the defendant moved to dismiss the appeal and affirm the judgment.   The court sustained the motion.   Plaintiff filed its motion for a new trial, which was overruled on the 16th of February, 1911, and the record shows that the plaintiff was allowed sixty days in which to file a bill of exceptions.   The bill of exceptions was filed with the clerk on the 18th of April, 1911, which was sixty-one days after the motion was heard.   What purports to be a bill of exceptions in this case was signed by the trial judge on the 15th of April, 1911, and the record shows that the same was filed on the 18th of April, 1911.

In the recent case of *Pekin Stave Co.* v. *Watts*, 95 Ark. 331, this court held that "where time is allowed for filing a bill of exceptions, the bill should not only be signed within the time, but should be filed with the clerk within the time so allowed." This is also the holding of the court in many previous cases.

Where time is allowed by the trial judge for filing a bill of ex-

ceptions beyond the term for a given number of days, the rule for computing the period allowed is the same as that of any other statute of limitations, and it excludes the day on which the order granting the time is made and includes the last day. See *Peay* v. *Pulaski County, post,* p. 601. The grounds upon which appellant bases its contention for reversal could only be properly presented by a bill of exceptions filed within the time allowed by the trial judge. This has not been done. *Madison County* v. *Maples, ante,* p. 44, and cases therein cited; *Judkins* v. *Myers,* 91 Ark. 566. The judgment must therefore be affirmed.