## SPIVEY v. TAYLOR.

Opinion delivered May 31, 1920.

1. JUDGMENT — CONTROL AFTER LAPSE OF TERM.—Courts of record lose control over their judgments after the lapse of the term, and, in the absence of a statute conferring such power, can not at a subsequent term alter or vacate them.

2. COURTS—COUNTY COURT—REVIEW OF PROCEEDINGS.—Where the county court, on objections to the report of the county treasurer, continued the cause until another day of the same term for further testimony but failed to set aside a judgment confirming the treasurer's accounts, and the term lapsed without the petition having been heard, it was error for the circuit court to dismiss an appeal by the objectors; the judgment of the county court having become final at the close of the term.

Appeal from St. Francis Circuit Court; *J. M. Jackson,* Judge; reversed.

STATEMENT OF FACTS.

The report of George P. Taylor, as county treasurer, was approved by the county court, and at the same term W. A. Spivey and others, as school directors of a common school district in St. Francis County, filed objections to his report on the ground that it failed to show an amount of money which he had received belonging to said school district.

The treasurer filed a reply, denying the allegations of the petition. The court continued the cause until another day of the same term for further testimony. The term lapsed without the petition having been heard and without the order confirming the treasurer's settlement having been set aside. Spivey and the other school directors filed an affidavit for appeal to the circuit court within six months as prescribed by the statute. The county treasurer made a motion in the circuit court to dismiss

the appeal, which motion was by the court granted. From the judgment rendered in the circuit court Spivey and the other directors have duly prosecuted an appeal to this court.

*J. Walker Morrow* and *Henry G. Gatling,* for appellants.

1. The original order became final on the lapse of the term of court and no appeal was taken to the circuit court. 36 Ark. 513. The court could not vacate the order after the term lapsed. 14 Ark. 25; 6 *Id.* 282. See, also, 2 Ark. 66; 5 *Id.* 23; 6 *Id.* 92; 14 *Id.* 573; 23 *Id.* 603; 22 *Id.* 176; 39 *Id.* 485.

2. The county court granted the appeal and the transcript was filed in time as per *nunc pro tunc* entry. The judgment need not be entered of record before the appeal is taken. 69 Ark. 51; 108 *Id.* 526.

3. Appellants are authorized to prosecute the appeal. They are citizens of St. Francis County, school directors and tax payers. 90 Ark. 219; Kirby's Digest, §§ 1487, 1493; 95 Ark. 385; 185 S. W. 455; 114 Ark. 299; 185 S. W. 282. The circuit court erred in dismissing the appeal and judgment should be entered against appellee. 116 Ark. 420; 195 Ark. 116; 88 *Id.* 592; 111 *Id.* 337; 113 *Id.* 31. The undisputed evidence is that appellee received $3,000 public school funds and has not accounted for same. 172 S. W. 880.

*Mann, Bussey & Mann,* for appellee.

The court did not err in granting the motion of appellee to dismiss. Kirby's Digest, §§ 7174-5; 100 Ark. 571; 116 *Id.* 365; Kirby's Digest, § 1162.

HART, J. (after stating the facts). The court erred in dismissing the appeal. The county court allowed Spivey and the other directors of the common school district to file objections to the report of the county treasurer on the ground that he had failed to account in his report for certain money belonging to the school district. This was done at the same term at which the report had

been filed and approved. Without opening the judgment confirming the report, the court continued the cause to a subsequent day of the same term for further testimony. The term lapsed without any further action having been taken by the county court. Spivey and the other school directors filed an affidavit for appeal to the circuit court within the time prescribed by the statute. The circuit court should have heard and determined their appeal.

In *Brandenburg* v. *State,* 24 Ark. 50, the court held that the county court acts judicially in adjusting the accounts of an internal improvement commissioner, and has no power to set aside its judgment after the lapse of the term. In *Desha County* v. *Newman,* 33 Ark. 788, it was held that as a general rule county courts, like circuit courts, have no power to set aside, vacate, or modify their judgment after the close of the term at which they are rendered, unless provision is made therefor by statute. The general rule is that courts of record lose control over their judgments after the lapse of the term, and in the absence of a statute conferring such power can not at a subsequent term alter or vacate them. *Malpas* v. *Lowenstein,* 46 Ark. 552; *Brady* v. *Hamlett,* 33 Ark. 105; *Kersh* v. *Lincoln County,* 36 Ark. 589; *Joyner* v. *Hall,* 36 Ark. 513; *Johnson* v. *Campbell,* 52 Ark. 316; *Terry* v. *Logue,* 97 Ark. 314, and *Corning* v. *Thompson,* 113 Ark. 237.

In the present case the county court did not set aside the judgment confirming the treasurer's accounts, and its judgment became final at the close of the term. Therefore Spivey and the other directors had the right to appeal from the judgment. If the court had desired to continue the cause until a subsequent term, without the judgment becoming final, the judgment should have been set aside so as to keep the cause within the control of the court. This view of the law was recognized in *Haley* v. *Thompson,* 116 Ark. 354. There the proceedings were had under section 7174 of Kirby's Digest, providing, in substance, that when any error shall be discovered

in the settlement of any county officer with the county court, it shall be the duty of the court at any time within two years from the date of such settlement to reconsider and adjust the same. The court held that relief under this statute did not prevent the taxpayer from being made a party to the settlement of the county officer having his settlement corrected upon appeal to the circuit court.

It follows that the court erred in dismissing the appeal of Spivey and the other school directors, and for that error the judgment must be reversed and the cause remanded for further proceedings according to law.