## FEILD *v.* WATERS.

### Opinion delivered April 18, 1921.

1. JUDGMENT—VACATION AFTER LAPSE OF TERM.—A court with terms fixed by law has no power to vacate a judgment after lapse of the term at which it was rendered, except on the grounds specified in Crawford & Moses' Digest, §§ 1316, 6290.

2. JUDGMENT—OMISSION TO RULE ON MOTION FOR NEW TRIAL.—The fact that the court has omitted to rule on a motion for new trial, or has made an order extending the time for presenting or considering a motion for new trial, does not continue the power of the court over its own judgment to the next term, so as to authorize the court to vacate the judgment.

3. APPEAL AND ERROR—TIME FOR APPEALING.—An appeal not taken within six months from the rendition of the judgment appealed from, as required by Crawford & Moses' Digest, § 2140, will be dismissed.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; appeal dismissed.

*Oscar H. Winn,* for appellant.

*J. C. Marshall,* for appellees.

PER CURIAM. This is a motion made by appellees to dismiss the appeal on the ground that the same was not taken within six months from the rendition of the judgment appealed from, the time prescribed by statute for taking appeals to this court. Crawford & Moses' Digest, § 2140. The action was instituted in the circuit court of Pulaski County by appellees against appellants to recover possession of a certain tract of land, and there

was a trial of the issues before a jury, which resulted in a verdict and a judgment against appellants for the recovery of the land in controversy. The judgment was rendered on January 16, 1920, and appellants immediately filed a motion for a new trial on numerous grounds, among which was an allegation of newly discovered evidence.

That term of the court ended without appellant's motion for a new trial having been ruled on by the court, nor does the record show that any further order was made by the court in the cause until September 25, 1920, a day of the succeeding term, when appellants filed a motion to set aside the judgment on account of the delay of the court in acting on the motion for new trial and the failure of the court to rule on that motion during the former term at which it was rendered. The court thereupon entered the following order:

"On this day the motion in the above cause asking that the judgment therein rendered on the 20th day of January, 1920, be set aside on account of delay in the hearing of the motion for new trial, and the court, being fully advised in the premises, doth find that the hearing of said motion for new trial was delayed on account of an agreement between counsel for plaintiffs and defendants that the trial judge should visit the land in controversy in person before the said motion should be passed upon, and the said delay has been the cause of the statutory time within which defendants have to perfect their appeal in this cause to the Supreme Court.

"It is therefore considered, ordered and adjudged by the court that the said judgment rendered and entered in this cause on the 14th day of January, 1920, be set aside, canceled and held for naught, and the same judgment so entered on said day shall be re-entered as and of the date of September 25, 1920, and the said defendants herein are given five (5) days' within which to file their motion for new trial."

On the same day (September 25, 1920) the court entered an order overruling the motion for new trial of

appellants and granting time within which to present and file a bill of exceptions. The appeal was granted by the clerk of this court on March 19, 1921, which was within six months·after the rendition of the last order of the court setting aside and re-entering the judgment of the court, but not within six months of the original rendition of the judgment.

A court with terms fixed by law has no power to vacate a judgment after the lapse of the term at which it was rendered, for the court loses control over its own judgments at the end of the term. *Walker* v. *Jefferson,* 5 Ark. 23; *Mayor* v. *Bullock,* 6 Ark. 282; *Rawdon* v. *Rapley,* 14 Ark. 203; *McKnight* v. *Strong,* 25 Ark. 212; *Brady* v. *Hamlett,* 33 Ark. 105. After the lapse of the term the court can set aside its judgment rendered at a former term only on the grounds specified in the statute. Crawford & Moses' Digest, §§ 1316, 6290; *Turner* v. *Vaughan,* 33 Ark. 454; *Malpas* v. *Lowenstein,* 46 Ark. 552; *Johnson* v. *Campbell,* 52 Ark. 316; *Ayers* v. *Anderson-Tully Co.,* 89 Ark. 160; *Terry* v. *Logue,* 97 Ark. 314. The fact that the court has omitted to rule on a motion for new trial, or has made an order extending the time for presenting or considering a motion for a new trial, does not continue the power of the court over its own judgment to the next term so as to authorize the court to vacate the judgment. *Joyner* v. *Hall,* 36 Ark. 513; *Brady* v. *Hamlett, supra; Siloam Springs* v. *McPhitridge,* 53 Ark. 21; *Stewart* v. *Wood,* 86 Ark. 504; *Corning* v. *Thompson,* 113 Ark. 237.

It is not contended that the court set aside the judgment on either of the grounds specified in the statute cited above. The court's order setting aside the judgment, and appellant's motion which must be read in connection with it, show that the sole ground for setting aside the judgment was the fact that the court had not acted on the motion for new trial, which was tantamount to an order of the court at a former term postponing the time for considering the motion. The case of *Corning* v. *Thompson, supra,* is precisely in point in holding that the postponement to a succeeding term of the considera-

tion of a motion for new trial does not preserve the power of the court over the judgment. It is clear, therefore, from the record before us that the order of the court attempting to set aside the judgment on September 25, 1920, was void, and that the appeal to this court was not granted within the time prescribed by the statutes. The appeal is therefore dismissed.