ROBERTSON *v.* CUNNINGHAM.

4-7323　　　　　　　　　　　　　178 S. W. 2d 1014

Opinion delivered April 3, 1944.

*Len Jones* and *Lessie Williams,* for appellant.

*W. J. Cotton,* for appellee.

HOLT, J. Appellants having acquired a 3/5 interest in a tract of land in Boone county, Arkansas, containing approximately 202 acres, on December 30, 1942, filed suit for a partition. In their complaint, they alleged that the property was not susceptible of division in kind and asked that it be sold and the proceeds divided among the interested parties.

Appellee, Lillie Collins Cunningham, answered, asserting that the property was susceptible of division in kind, and prayed that such division be made. Appellee, Pearlie Collins Pruitt, an incompetent, answered by guardian *ad litem*, and denied every material allegation in the complaint.

April 21, 1943, the court ordered the land partitioned and appointed commissioners for this purpose. June 15, 1943, the commissioners filed an amended and final report in which they divided all of the land in kind, with the exception of approximately two acres lying three quarters of a mile from the main tract, which was not susceptible of division in kind.

On June 18, 1943, appellants filed exceptions to the report of the commissioners. Their prayer was that the "commissioners' report be set aside for want of equity and that said land be by the court ordered sold and the proceeds divided among the parties herein, according to their respective interests," etc. On this same date, June 18, 1943, a day of the March term of the Boone chancery court, the cause was submitted to the court upon the report of the commissioners, the exceptions thereto filed by appellants, and the testimony of witnesses on behalf of all the parties, and there was a finding and decree confirming and approving the report of the commissioners and investing and divesting title to the various parcels of land as divided by the commissioners. On June 25th following, the deeds, executed in conformity with the court's decree of June 18, 1943, were submitted, approved and filed.

No further proceedings were had in the cause until December 10, 1943, when appellants filed a motion to be permitted to retake testimony. This motion was overruled December 13, 1943. This appeal was granted December 20, 1943.

At the threshold, we are met with appellee's contention that this appeal comes too late and should be dismissed. We think appellee's contention must be sustained.

Section 2746 of Pope's Digest provides that "an appeal . . . shall not be granted, except within six months next after the rendition of the judgment, order or decree sought to be reviewed," etc.

The March term of the Boone chancery court began the first Monday in March, 1943, and extended to the first Monday in September thereafter. (§ 2798, Pope's Digest.) This decree of June 18, 1943, was a final decree and was taken during the March term. It is well settled by many decisions of this court that the time for appeal runs from the date of rendition of the decree or judgment. In *Bradley* v. *Ashby,* 188 Ark. 707, 67 S. W. 2d 739, this court said: "The time for taking an appeal to the Supreme Court is six months after the rendition of the judgment, order or decree sought to be reviewed; and in a proceeding in chancery this time is not extended by reason of the filing of a motion to vacate the decree. See, also, *Pearce* v. *People's Sav. Bank & Trust Co.,* 152 Ark. 581, 238 S. W. 1063; *Moore* v. *Henderson,* 74 Ark. 181, 85 S. W. 237." See, also, *Chatfield* v. *Jarratt,* 108 Ark. 523, 158 S. W. 146.

In computing the six months period, the time allowed for appeal, the day on which the decree was rendered must be excluded, and the day on which the appeal is filed included, and when this is done, it is apparent that the last day on which appellants' appeal could be filed was December 18, 1943. Since it was not filed until December 20, 1943, it was two days too late. *Clark* v. *American Exchange Trust Co.,* 189 Ark. 717, 74 S. W. 2d 974.

In *Bank of El Paso* v. *Neal,* 181 Ark. 788, 27 S. W. 2d 1024, we held: (Headnote 1) "An appeal granted on January 16, 1930, from a judgment rendered July 15, 1929, was not taken within six months as required by Crawford & Moses' Dig., § 2140," and in the body of the opinion, it is said: "It is a general rule, not only in jurisdictions where the computation of time is regulated by statute, but in other jurisdictions, where it is not so regulated, that, in computing the time given or allowed by statute or order of court for taking of an appeal or

writ of error, and all the proceedings necessary to perfect the same, there should be excluded the date of rendition of the judgment, order, or decree or other day from which the time commences to run, and that the last day, or the day on which the appeal is taken, should be included. 38 Cyc. 326. *Early & Co.* v. *Maxwell & Co.,* 103 Ark. 569, 148 S. W. 496; *Peay* v. *Pulaski County,* 103 Ark. 601, 148 S. W. 491; *Shinn* v. *Tucker,* 33 Ark. 421; *Connerly* v. *Dickinson,* 81 Ark. 258, 99 S. W. 82; *Pearce* v. *Peoples Savings Bank & Trust Co.,* 152 Ark. 581, 238 S. W. 1063; *Feild* v. *Waters,* 148 Ark. 325, 229 S. W. 735; 3 C. J. 1047. . . . On what day, therefore, did six calendar months from November 30, 1894, expire? Under all of the authorities, without exceptions, which we have been able to find, the period would.expire on May 30, 1895. . . . The time within which an appeal must be taken being fixed by statute, it must be taken within the time designated. The provision which limits the time is jurisdictional in its nature. *Sample* v. *Manning,* 168 Ark. 122, 269 S. W. 55." See, also, *Edgmon* v. *Edgmon,* 193 Ark. 1076, 104 S. W. 2d 452.

Appellants' motion to retake testimony filed December 10, 1943, was filed on a day within a new term—the September term—of the Boone chancery court, and after the March term, during which the decree of June 18, 1943, was entered, had lapsed.

The court below, with its terms fixed by law, had no power to vacate or modify its decree after the lapse of the term at which it was rendered, except on some one of the statutory grounds provided in §§ 1541 and 8246 of Pope's Digest. None of these grounds is relied upon by appellants in their motion to retake testimony, and the court, therefore, properly denied their petition. In *Feild* v. *Waters,* 148 Ark. 325, 229 S. W. 735, this court said: "A court with terms fixed by law has no power to vacate a judgment after the lapse of the term at which it was rendered, for the court loses control over its own judgments at the end of the term. *Walker* v. *Jefferson,* 5 Ark. 23; *Mayor* v. *Bullock,* 6 Ark. 282; *Rawdon* v. *Rapley,* 14 Ark. 203, 58 Am. Dec. 370; *McKnight* v. *Strong,* 25 Ark.

212; *Brady* v. *Hamlett,* 33 Ark. 105. After the lapse of the term the court can set aside its judgment rendered at a former term only on the grounds specified in the statute. Crawford & Moses' Digest, §§ 1316, 6290; *Turner* v. *Vaughan,* 33 Ark. 454; *Malpas* v. *Lowenstein,* 46 Ark. 552; *Johnson* v. *Campbell,* 52 Ark. 316, 12 S. W. 578; *Ayers* v. *Anderson-Tully Co.,* 89 Ark. 160, 116 S. W. 199; *Terry* v. *Logue,* 97 Ark. 314, 133 S. W. 1135." Sections 1316 and 6290, *supra,* are now §§ 1541 and 8246 of Pope's Digest, respectively.

In *Edgmon* v. *Edgmon, supra,* a case quite similar to the instant case, this court refused to consider any matter concluded by the decree of partition and considered only appellants' exceptions to the report of the commissioner, report of the trustee as to the distribution of the assets, and such other matters as arose subsequent to and were not concluded by the final decree in that case. There, this court said: "There are, therefore, no questions for this court to determine now, except the exceptions to the commissioner's report of sale, and exceptions to the report of the trustee as to his distribution of the assets under the original decree."

In the instant case, appellants have filed no exceptions subsequent to the court's final decree of June 18, 1943, and all matters effecting the partition of the land in question were concluded by that decree.

Having reached the conclusion that the appeal was filed too late, it must be dismissed, and it is so ordered.