BROWN v. CREEKMORE.

Opinion delivered January 19, 1920.

1.  WITNESSES — SUITS AGAINST SPECIAL ADMINISTRATORS.—Kirby's Digest, section 3093, providing that in actions by or against administrators, in which judgment may be entered for or against them, neither party may testify against the other as to any transactions with or statements of the intestate, unless called to testify thereto by the opposite party, is not resricted to regular administrators, but applies with equal force in a cause wherein an estate is represented by a special administrator.

2.  JUDGMENT—RES JUDICATA.—A decree in a former action by decedent against defendant wherein the defendant filed a counterclaim, reciting that such counterclaim was disallowed as to the items constituting it, was res judicata in a subsequent action between the same parties wherein the defendant filed a counterclaim as to the same items.

3. EVIDENCE—PAROL EVIDENCE TO CONTRADICT DECREE.—Parol testimony is not competent to contradict the affirmative and unambiguous recitals of a decree concerning the subject-matter of the court's ruling.

4. CONSTITUTIONAL LAW—VESTED RIGHT.—Acts 1917, page 1441, defining a counterclaim, applied to suits pending at the time of its passage, as there can be no vested right in a mere remedy.

5. JUDGMENT—FAILURE TO SET UP COUNTERCLAIM.—Kirby's Digest, section 6098, providing that "a defendant may set forth as many grounds of defense, counterclaim and set-off, whether legal or equitable, as he may have," does not debar a defendant from setting up a matter of counterclaim which might have been set up in a former action by plaintiff against him.

6. JUDGMENT—FAILURE TO SET UP COUNTERCLAIM.—Kirby's Digest, section 6104, providing that where defendant fails to plead as a set-off a claim against the plaintiff he shall be "forever barred from recovering costs in any suit which he may thereafter institute," does not bar the cause of action itself by reason of failure to assert it as a cross-action.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; reversed.

*W. A. Falconer* and *Joe R. Brown,* for appellant.

1. The court erred in permitting defendant to testify as to transactions between him and appellant's decedent. Kirby's Digest, § 3093; 48 Ark. 133; 46 *Id.* 306; 50 *Id.* 157; 82 *Id.* 136; 123 *Id.* 266; 132 *Id.* 441. The clause applies also to special administrators, as the word "administrator" as used applies to all, whether general or special.

2. It was error to allow the defendant to set up a defense which was *res judicata* the matters which had been pleaded in the chancery decree and there decided. 20 Ark. 91. The special administrator is a privy to the deceased Vincenheller in representation. 22 Cyc. 388; 52 Ark. 411; 5 *Id.* 303, 424; 119 *Id.* 413; 108 *Id.* 574; 41 *Id.* 75; 76 *Id.* 423.

A judgment of a court of competent jurisdiction operates as a bar to all defenses, legal or equitable, pleaded, or which could have been pleaded. 76 Ark. 423; 57 *Id.* 500; 23 Cyc. 1215. On *res judicata,* see also 135 Ark. 450;

Herman on Estoppel and Res Judicata (Ed. 1886), page 279, § 244.

*E. L. Matlock,* for appellee.

1. Appellee was competent to testify, as he was not prohibited by our statute. Kirby Digest, § § 3093, 6029, 6300. These statutes do not preclude a party from testifying as to transactions with deceased where there is a special administrator. 35 Ark. 247; 38 *Id.* 631; 63 *Id.* 556; 87 *Id.* 242.

Appellee's claim was established by other competent evidence and Vincenheller's letters. 56 Ark. 385; 82 *Id.* 136.

2. The trial court did not err in permitting appellee to plead the decree in chancery. Appellee was a competent witness as to what was done by the court and not written in the decree or to explain any ambiguous recitals in said decree and to testify that the items claimed by him were not in fact put in issue or decided against him in said decree. 11 Ark. 666; Kirby's Digest, § § 6090, 6104. This statute was upheld in 66 Ark. 529. As to *res judicata,* see 136 Ark. 115; 55 *Id.* 286; 94 U. S. 608; 62 Ark. 76; 66 *Id.* 336; 96 *Id.* 87; 116 *Id.* 501; 121 *Id.* 594.

The burden was on defendants to prove the former adjudication, and they failed. If appellee was incompetent, there was enough competent evidence to sustain the verdict and the judgment should be affirmed.

McCULLOCH, C. J. Appellant's intestate, G. A. Vincenheller, instituted this action against appellee before a justice of the peace in Crawford County to recover a balance of $100, alleged to be due and unpaid on a promissory note executed by appellee. Vincenheller died while the cause was pending in the circuit court on appeal, and there was a revivor in the name of appellant as special administrator.

The note sued on was executed by appellee to Vincenheller for the sum of $500, but, according to the testimony adduced in the cause, it had been paid down to a

balance of $100, and appellee pleaded a counterclaim based on items aggregating the sum of $105, alleged to be owing to him by Vincenheller.

In the trial of the cause appellee was allowed, over appellant's objection, to testify concerning alleged transactions between him and Vincenheller which formed the basis of the items of appellee's counterclaim. This is assigned as error. Appellant also introduced in evidence a decree of the chancery court of Crawford County in a cause between the same parties which appellant claims constituted an adjudication adverse to appellee of the cause of action against Vincenheller set forth in the counterclaim. The court ruled against the plea of former adjudication and submitted the issue to the jury as to the merits of the counterclaim. The verdict was in appellee's favor for the full amount of the counterclaim, upon which the court rendered a judgment over in appellee's favor for the recovery of the sum of $5 against the estate of said decedent.

The ruling of the court in admitting the testimony of appellee concerning transactions with the decedent is defended on the ground that the statute excluding such testimony has no application to suits by or against special administrators. Constitution of 1874, Schedule, sec. 2; Kirby's Digest, sec. 3093.

The statute provides that "in actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party." The operation of the statute is not restricted to regular administrators, but applies with equal force to a cause of action in which the estate of a decedent is represented by a special administrator. The fact that one of the parties appears in the action as the legal representative of an estate calls the statute into operation so as to exclude the testimony of either party concerning "any transaction with or statements of the testator."

The court erred, therefore, in admitting the testimony of appellee concerning his transactions with appellant's intestate.

We are also of the opinion that the court erred in failing to give effect to the prior adjudication of the chancery court concerning the cause of action set forth in appellee's counterclaim. Appellee and Vincenheller were parties to that suit, the latter being the plaintiff and the former being a defendant, and appellee filed a counterclaim setting forth the same items embraced in the counterclaim in the present action, except one item of $25, which will be referred to later. That portion of the decree which records the action of the court concerning the counterclaim reads as follows:

"On this 17th day of September, 1917, the same being one of the days of an adjourned term of the above entitled court, comes on for hearing the above entitled cause, comes the plaintiff, by his attorney, J. R. Brown, and defendant, Lynch Creekmore, by his attorney, E. L. Matlock, the other defendants failing to appear, and the cause is submitted upon the complaint and exhibit thereto, and the answer and counterclaim of the defendant, Lynch Creekmore, the replication of the plaintiff and the oral testimony adduced at the time. And, it appearing that the said defendants were duly served with process, and the defendant, Lynch Creekmore, having duly entered his appearance in this cause by filing an answer and counterclaim herein, which counterclaim was disallowed (the same comprising a claim of $50 against the plaintiff for services in collecting rents, $10 for building a fence, $10 for a pump put in for plaintiff and $10 for two small outhouses)."

The contention is that the chancery court did not decide the merits of the counterclaim, but dismissed it on the ground that the items set forth could not be made the subject-matter of a counterclaim because they did not arise "out of the contract or transactions set forth in the complaint, as the foundation of the plaintiff's claim or connected with the subject of the action." Kirby's Digest, § 6099.

We think that the language of the decree clearly expresses the intention of the court to adjudicate the merits of the counterclaim and not merely to strike it out. The record recites that the answer and counterclaim were filed and that the cause was submitted "upon the complaint and exhibits thereto and the answer and counterclaim of the defendant" and that the "counterclaim was disallowed," there following a recital of the items constituting the counterclaim.

It was not competent to contradict by parol testimony the affirmative and unambiguous recitals of the decree concerning the subject-matter of the court's ruling. *Quisenberry* v. *Davis,* 136 Ark. 115.

The General Assembly of 1917 (Acts 1917, p. 1441) amended section 6099 of Kirby's Digest so as to read as follows:

"The counterclaim mentioned in this chapter may be any cause of action in favor of the defendants, or some of them, against the plaintiffs, or some of them."

The decree of the chancery court was rendered on September 17, 1917, and that court may or may not, as suggested by counsel for appellee, have rendered the decree on the counterclaim without being advised concerning the change in the law brought about by the enactment of the new statute, which had not then been printed, but, be that as it may, the chancery court had jurisdiction of the counterclaim, and its adjudication is conclusive between the parties. The new statute applied in the trial of that cause, even though the action was instituted in the chancery court before the enactment of the statute. There can be no vested right in a mere remedy, and the statute applied to causes of action pending at the time as well as those which were instituted thereafter.

In the present action the counterclaim embraced an item of $25 for the "use of house on Austin land for 1913" which said item was not embraced in the counterclaim adjudicated in the chancery court, and therefore appellee is not barred from asserting that item as a counterclaim in the present action. The fact that the cause

of action on that item was then existent and might. have been asserted along with the other items does not bar the assertion of that cause of action in the present litigation. The rule that the defendant must plead all of the defenses does not apply to causes of action asserted by a plaintiff or to a cross-action asserted by a defendant. The statute (Kirby's Digest, § 6104) provides that where a defendant fails to plead as a set-off a claim against the plaintiff he shall be "forever barred from recovering costs in any suit which he may thereafter institute," but the cause of action itself is not barred by failure to assert it as a cross-action. This item of $25 was proved beyond dispute by a letter written by Vincenheller, and the evidence must be treated as undisputed, establishing appellee's right to recover that sum, and to use it as a set-off against appellant's cause of action. The other items of the counterclaim are, according to the undisputed evidence, barred by the former adjudication.

The judgment is therefore reversed, and, instead of remanding the cause, judgment will be entered here in favor of appellant for recovery of the undisputed amount of unpaid balance on the note, after crediting the sum of $25 due appellee on his counterclaim.