BOYLE *v.* REYNOLDS.

Opinion delivered October 22, 1928.

*Edward Gordon,* for appellant.

*Strait & Strait,* for appellee.

McHANEY, J. Appellant, Elmer and Lee Boyle are children and heirs at law of J. M. Boyle, deceased, by his second wife, and the appellees are his children and heirs at law by his first wife. At the time of his death, J. M. Boyle was the owner of some land and a small

amount of personal property in Conway County, Arkansas, and left surviving him both sets of children and his widow. The widow took as her homestead and dower interest all the land he owned, as also all the personal property, which was not in excess of $450 after payment of his debts and funeral expenses. The widow died in March, 1925, and at the time of her death she had rented the land for that year to appellant and Elmer, who continued to occupy the land for the years 1926 and 1927.

This suit was instituted to have the land partitioned, and for an accounting against appellant and Elmer Boyle for the rents and profits for the years 1926 and 1927. In the course of the trial it was admitted that ''the occupancy of this property by Elmer Boyle and Luther Boyle, since the death of the widow in March, 1925, has been without any contract for the payment of rent, and it is agreed that they are liable for reasonable rent for the two years, 1926 and 1927, and that they are still not holding or in possession as administrators, and that the usual rent of one-third of the corn and one-fourth of the cotton and cottonseed is reasonable.''

It appears that of the 1925 crop Elmer Boyle stored eight bales thereof for about a year in a warehouse, and incurred an expense of $58.50 for storage and insurance. It further appears that Elmer Boyle was due the estate $152.33 for rent for the years 1925 and 1926. It also appears that appellant had acquired Elmer Boyle's interest in said land prior to the rendition of the decree herein.

The court found that Elmer Boyle was indebted to the estate in the sum of $152.33, which should be charged against his interest in the hands of appellant because of his purchase thereof. The court further found that the land was not susceptible of division in kind, and ordered same sold and distributed to the heirs according to their respective interests, after deducting from the Elmer Boyle interest the amount of the rent due as aforesaid.

It is not contended on this appeal that the court did not correctly find the amount of the rent due by Elmer Boyle to the estate. It is said that he had no right to charge the interest in the land in the hands of Luther with this amount, and it is further said that the amount Elmer was due the estate should be credited with the $58.50 storage and insurance on that part of the 1925 crop stored by him. We do not agree with appellant in either contention. It is undisputed that Elmer Boyle owed the estate this amount of rent, and it is undisputed that appellant knew this fact when he purchased his brother's interest in such real estate. We therefore agree with the trial court that it was proper to charge the interest of Elmer Boyle in the hands of Luther with the amount of such rent. Under these circumstances he could not be said to be an innocent purchaser of his brother's interest.

Neither was it error not to deduct the $58.50 from the amount of such indebtedness. Appellant and his brother stored this cotton in the hope of getting a better price for it. It was their cotton, and they had the right to do with it as they pleased, subject to the payment of the rent. It was their individual liability incurred, through a desire to get an advance over the then prices of cotton, which they believed might be realized by holding it for such advance. Unfortunately the price of cotton went down instead of up.

We think the decree of the chancellor was correct, and it is in all things affirmed.