EDGMON *v.* EDGMON.

4-4629

Opinion delivered April 26, 1937.

*Spears & Moore,* for appellant.

*A. B. Arbaugh* and *Shouse & Walker,* for appellees.

MEHAFFY, J. James Edgmon died intestate in Newton county, Arkansas, on March 10, 1930, leaving surviving him as his sole and only heirs at law, W. P. Edgmon, Lou Champlin, Ida Robinson, Sarah Ramsey, C. C. Edgmon, George W. Edgmon, Robert Edgmon, Sam Edgmon, Fannie Barnes, Martha Miller, and two grandchildren, Rosa Curtis and Ella Murphy Hudson. At the time of his death the said James Edgmon was the owner of 160 acres of land in Newton county, Arkansas, said lands being subject to mortgage in favor of the Federal Land

Bank of St. Louis. The said James Edgmon, at the time of his death, also owned certain personal property.

No administrator was appointed, but on September 12, 1930, all the heirs of the said James Edgmon made and entered into a written agreement, which is as follows:

"We the undersigned heirs of James Edgmon, of Newton county, Arkansas, who was deceased March 10, 1930, here by these acts and signatures do authorize W. P. Edgmon to collect and pay any and all accounts of the said James Edgmon, deceased, and to sell and collect for all the personal property of the said James Edgmon, and to lease, rent or sell the real estate of the said James Edgmon. We, the undersigned heirs of the said James Edgmon, authorize the said W. P. Edgmon to draw and check money from the bank account of the said James Edgmon, for the purposes of paying the taxes on the real estate, and to keep up all payments of the Federal Land Bank, of St. Louis, until all the affairs of the said James Edgmon are settled in full.

"The said W. P. Edgmon binds himself and agrees to keep a correct and true account of all moneys which come to his hands, and to make a fair and equal settlement with all the heirs of the said James Edgmon.

"In witness which we, the heirs of the said James Edgmon, have hereto signed our names on this 12th day of September, A. D. 1930."

This agreement was signed by the heirs, and thereupon said W. P. Edgmon took charge of the property of the estate.

On June 16, 1934, W. P. Edgmon, Rosa Curtis, Ida Robinson and Sarah Ramsey brought suit against all the other heirs for a partition of the real property in the Newton chancery court.

On March 16, 1936, a final decree was entered by the Newton chancery court. In the decree, Guy A. Moore was, by the court, appointed commissioner to sell the lands and make his report. The final decree was entered on March 16, 1936, and the transcript in this case was filed December 14, 1936, after the time for appeal had expired.

1078

On February 10, 1937, the appellees filed a motion to dismiss the appeal because it had not been filed within the time allowed by law. On February 22, 1937, this court made the following order:

"Motion to dismiss appeal overruled in so far as the appeal relates to the exceptions to the commissioner's report of sale and the report of the trustee as to his distribution of the assets under the original decree. Appellee given three weeks additional time."

There are, therefore, no questions for this court to determine now, except the exceptions to the commissioner's report of sale, and exceptions to the report of the trustee as to his distribution of the assets under the original decree.

An appeal must be prosecuted within six months next after the rendition of the judgment. Section 2140, Crawford & Moses' Digest.

The decree in this case was rendered March 16, 1936, and no appeal was taken until December 14, 1936. It was, therefore, not taken within the time prescribed by law, and all matters and issues settled in that decree are foreclosed.

The appellant objects and excepts to the commissioner's report of sale, and the report of the trustee as to the distribution of assets. He does not abstract either of the reports, and does not abstract his exceptions to them, but merely calls attention to the pages of the transcript where they may be found.

Appellant contends first that the allowance to Lou Champlin of $156 for services and two cows claimed by her, was erroneous and should be disallowed. These issues, however, were foreclosed by the decree of March 16, 1936. These items were allowed in the decree, and no appeal taken within the time allowed by law.

Appellant contends that Lou Champlin admitted in her pleadings that she was indebted to her father, but had paid such indebtedness. This matter was, also, concluded by the decree.

The court found in its final decree that G. W. Edgmon, Sam Edgmon, Fannie Barnes, Robert Edgmon and

Lou Champlin and W. P. Edgmon were all indebted to the estate; that Lou Champlin owed $34. It is argued by appellant that Lou Champlin should have presented her claim to the administrator. It is immaterial to decide whether she should or should not have presented her claim, because the matter is concluded by the final decree.

It is contended that Lou Champlin was not a competent witness to testify to her claims, and appellant cites Crawford & Moses' Digest, § 4144, and *Brown* v. *Creekmore,* 141 Ark. 512, 217 S. W. 774. Section 4144 of Crawford & Moses' Digest has no application. That section prohibits either party from testifying in actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them; but this was not an action by or against executors, administrators or guardians. It was an action between the heirs, and W. P. Edgmon was a party in his individual capacity as an heir, and he was not a special administrator.

In the case of *Brown* v. *Creekmore, supra,* the court had appointed a special administrator. Appellant contends, however, that Lou Champlin never filed any cross-complaint, and that her claim was barred by the statute of non-claim. The court, in its final decree, held that she did file pleadings and this question is barred by the decree.

It is next contended that the court decreed that the heirs of James Edgmon, deceased, were the owners of the lands involved, and correctly decreed their respective interests, but appellant objects to that part of the decree holding that the interests of the other heirs purchased by appellant were subject to the debts of said heirs. The court found that these heirs were indebted to the estate and found the amounts that each was indebted, and no appeal was taken from that finding.

In the case of *Boyle* v. *Reynolds,* 178 Ark. 140, 9 S. W. (2d) 1058, this court held that it was proper to charge the interest of one of the heirs with the amount such heir was indebted. In the instant case, it is undisputed that these heirs owed the estate, and the final decree deter-

mined the amount, and the court correctly charged the amount they owed the estate against their interests.

It is also contended by appellant that W. P. Edgmon had no right to permit the heirs to purchase any of the personal property and charge it to their interests in the estate. Under the agreement he had a right to do this because it was his duty to sell the property and to make a fair division of the proceeds, and there would be no necessity for him to sell property to the heirs, collect the price, and then pay them for their interests. Selling the property to them and charging the price against their interests amounted to the same thing as selling for cash and then paying the purchaser his interest in the estate.

Practically every question raised by appellant was settled by the decree of the court, from which there was no appeal. These questions that were not so settled were questions of fact, and the finding of the chancellor is not against the preponderance of the evidence.

The decree is affirmed.