## MOON v. MOSELEY.

4-6939                                      167 S. W. 2d 871

Opinion delivered January 25, 1943.

*H. S. Grant,* for appellant.

McFADDIN, J. This is the second appeal in this case. The opinion in the first appeal was rendered on October 28, 1940, in the case of *Moseley* v. *Moon,* 201 Ark. 164, 144 S. W. 2d 1089. An examination of the transcript in the present appeal reflects that on February 20, 1941, the chancery court entered a decree on the mandate, and by consent fixed $250 as the rental value of the property and rendered judgment against Pinkie Moon for said amount and for the cost of the appeal. Pinkie Moon filed no further pleadings of any kind in the case and made no resistance of any kind until February 9, 1942, when she filed a motion to set aside the decree on the mandate and allow her to show other alleged defects in the tax sale which was challenged in the original case and affirmed by this court, as aforesaid. In the motion, Pinkie Moon claimed that she was not present in court in February, 1941. If any testimony was taken on the motion, it does not appear in the transcript. On February 20, 1942, the Chancery Court denied the motion, and appellant brings this appeal.

In the case of *Bank of Russellville* v. *Walthall,* 192 Ark. 1111, 96 S. W. 2d 952, this court said: "A court, after lapse of the term, loses control over its final judgment and, in the absence of a statute conferring such power, cannot at a subsequent term alter or vacate the same. *Johnson* v. *Campbell,* 52 Ark. 316, 12 S. W. 578. Only in the provisions of §§ 571 and 573 of the Civil Code, now §§ 6290 and 6292 of Crawford & Moses' Digest, is that authority to be found which can be exercised only in such manner and upon such terms as are prescribed therein. *Ayers* v. *Anderson Tully Co.,* 89 Ark. 160, 116 S. W. 199. It is therefore necessary both to plead and prove the allegations relied upon for a vacation of the judgment, as well as a *prima facie* showing of a valid defense to the original action."

From an examination of the transcript in the present appeal, it is clear that appellant has not complied

136

with § 8246 of Pope's Digest, which is the same as § 6290 of Crawford & Moses' Digest, and therefore the cause should be affirmed.