4-8538                                          210 S. W. 2d 804

Opinion delivered May 3, 1948.

*E. R. Parham,* for appellant.

*J. G. Moore,* for appellee.

McHaney, Justice. This appeal stems from litigation which began on April 4, 1942, in which appellants, who are husband and wife, sought to enjoin appellees, who are also husband and wife, from closing a roadway across the land of appellees, which road afforded appellants the only ingress and egress to and from their land. A temporary order was entered granting the relief prayed on the filing of the complaint. Trial resulted in a decree modifying the temporary order to the extent of permitting the gate or gates on appellees' line to be locked on furnishing appellants with a key. This decree

was made on July 30, 1942, but was not entered of record until May 5, 1945, when it was entered *nunc pro tunc.*

On July 7, 1945, appellees filed a motion to vacate the decree of July 30, 1942, on the ground that conditions had changed since July 30, 1942, so that it was now inequitable to allow said injunction to remain in force, in that a better road had been constructed by the county, over other lands, which would be more advantageous to appellants, if they would permit the county to extend same; that appellants and their tenants had continuously failed and refused to keep the gates locked which permitted appellees' stock to escape from their farm; and that the former injunction should be vacated. An amendment to the motion was filed on April 11, 1946, which reiterated the misconduct of appellants and their violations of the injunctive order by leaving the gates open for stock to escape, driving over their lands and crops instead of staying on the road, and that their conduct was malicious, willful and wrongful to their damage.

Appellants, on May 5, 1947, moved to strike the motion to vacate and the amendment thereto for the reason that the term of court at which the injunction was granted had expired and that the court was without power to vacate same. This motion to strike was overruled, and appellants say they "have prosecuted this appeal from such final order under paragraph 3, § 2735 of Pope's Digest."

Whether this is a "final order" from which an appeal may be taken under the section of the Digest mentioned, we do not now determine.

Appellants contend that the injunctive order or decree of July 30, 1942, confirmed appellants' easement across the lands of appellees, and that, if an easement so existed, it cannot be lost except by release or abandonment, and that, the term of court at which said decree was entered having expired, the court is now without power to vacate, or modify same, except as provided by statute, § 8246, Pope's Digest. The rule is well established by many decisions of this court that the trial court, after the

lapse of the term, may not set aside, vacate, modify or amend its judgments or decrees, except on one or more of the grounds mentioned in said § 8246. *Robinson* v. *Citizens Bank,* 135 Ark. 308, 204 S. W. 615; *Robertson* v. *Cunningham,* 207 Ark. 76, 178 S. W. 2d 1014; *Patillo* v. *Toler,* 210 Ark. 231, 196 S. W. 2d 224. But this rule has no application to the power of a chancery court to vacate, set aside or dissolve an injunction previously granted, after the lapse of the term, and counsel for appellants concede this power, provided no vested rights of the parties are abrogated thereby. We think the terms of the injunctive decree do not confer any vested rights upon appellants. The original decree provided that, ''the defendants and each of them are hereby enjoined and restrained from interfering with plaintiffs' use of the road'' (describing it). That was the preliminary order which was made permanent on July 30, 1942, and no vested rights were given appellants. Nothing is said about an easement over the land of appellees. Let it be remembered that the trial court has not vacated the original injunction. It has been asked to do so, and has overruled appellants' motion to strike the request, which we take as a holding of power to grant the relief. We think the court had that power. In the early case of *Sanders* v. *Plunkett,* 40 Ark. 507, Judge Eakin, for the court, said: ''Without discussing the general subject of the powers inherent in Chancellors to undo what they have done, after being better advised, we think the statutes themselves confer this power in cases of vacation, or chamber orders for injunction. The power to make them is conferred in plain express language. (Gantts's Digest, §§ 3450 to 3458.) They are always discretionary, and no limit of time is fixed within which the determination may be made. It would be unreasonable to hold him to his original view of the case on first blush, and if he might recall his order in an hour, why not next day, or a week afterwards. It is not like the judgment of a Court which cannot be altered after the term. And the person in whose favor it was granted cannot be in worse condition by the dissolution than he would have been by original refusal,

for the defendant urging the dissolution can have no damages on the bond. There is no inconvenience then from the exercise of this power of dissolution, but a very great inconvenience might arise from want of power to correct an improvident injunction.

"It would seem that the power to make an order of this provisional and discretionary nature, implies the power to recall it, in all cases where the person on whose motion it was made is, at worst, only placed in *statu quo,* and deprived of an advantage improvidently granted, and which was in the discretion of the Chancellor."

The general rule is stated in 28 Am. Jur. § 323, p. 493, to the same effect as that above quoted, and it is further stated: "The court has inherent power in this respect and may exercise it after the term in which the decree is rendered. . . . Since an injunction order or decree does not create a right, its modification cannot be considered an unconstitutional deprivation of property without due process." Citing *Ladner* v. *Siegel,* 298 Pa. 487, 148 Atl. 699, 68 A. L. R. 1172.

The action of the court in overruling the motion to strike is correct, and is, accordingly, affirmed.