LOCAL UNION NO. 656, ET AL. *v.* MISSOURI PACIFIC RAILROAD CO., THOMPSON, TRUSTEE.

4-9902                                          254 S. W. 2d 62

Opinion delivered January 19, 1953.

*G. Love, Grant* and *Gutensohn & Ragon,* for appellants.

*Hardin, Barton, Hardin & Garner, T. B. Pryor, Jr.,* and *Pat Mehaffy,* for appellee.

GEORGE ROSE SMITH, J. This is a suit filed by the two appellee railroad companies to enjoin picketing on the part of the appellant labor union and its members. The chancellor issued a temporary injunction and later made the order permanent. The appeal is from the latter decree only.

The facts are fully stated in *Stewart* v. *State, ante,* p. 496, and need only be outlined in this opinion. A labor dispute existed between the union and Dixie Cup Company. Dixie Cup was renting space in the warehouse of Federal Compress & Warehouse Company,

in Fort Smith. Upon a strike being called, the union established picket lines on the spur tracks by which the railway companies serve the warehouse in question. The railroads, alleging that the pickets had committed unlawful acts, brought this suit and obtained the injunctive .decree from which this appeal was taken.

At the outset we are met by the appellees' motion to dismiss the appeal upon the ground that the case has become moot. It is alleged, and the appellants concede, that the strike against Dixie Cup has now been settled. Thus there is no longer any occasion for picketing or any controversy between the parties to this appeal. In these circumstances neither an affirmance nor a reversal of the decree would have any practical effect except as it might affect the matter of court costs, which is not alone a sufficient issue to call for a decision in an otherwise moot case. *Quellmalz Lbr. & Mfg. Co.* v. *Day,* 132 Ark. 469, 201 S. W. 125. We think the case at bar falls within the rule announced in *Kays* v. *Boyd,* 145 Ark. 303, 224 S. W. 617: ''It is the duty of this court to decide actual controversies by a judgment which can be carried into effect and not to give opinions upon abstract propositions or to declare principles of law which cannot affect the matter in issue in the case at bar.''

The appellants, in insisting that their. appeal presents more than an academic question, stress the fact that the injunction is in form permanent and express the fear that the decree, if allowed to stand, may prevent similar picketing if the Dixie Cup employees ever call another strike. Even so, the appellants' remedy is in the trial court and not here. An injunction, unlike most judgments, may be modified or vacated after the lapse of the term without regard to the statutes that ordinarily come into play when the term expires. *Stane·* v. *Mettetal,* 213 Ark. 404, 210 S. W. 2d 804. In cases involving injunctions against picketing we have recognized the chancellor's power to dissolve the injunction when its continuance is no longer warranted. *Local Union No. 858 etc.* v. *Jiannas,* 211 Ark. 352, 200 S. W. 2d 763; *Self* v. *Taylor,* 217 Ark. 953, 235 S. W. 2d 45. Hence the appellants are

free to apply at any time for relief in the chancery court, where proof may be taken if necessary.

There being no controversy before us the appeal is dismissed.