CARTER *v.* OLSIN.

5-1444                                     309 S. W. 2d 328

Opinion delivered February 3, 1958.

*Paul K. Roberts,* for appellant.

*C. T. Sims,* for appellee.

PAUL WARD, Associate Justice.   Appellant prosecutes this appeal, contending the trial court had no right to modify its order after the lapse of the term at which it was rendered where no statutory ground therefor was alleged or proven.   The issue presented is strictly one of law, and the background and facts necessary to present this issue may be briefly and generally stated.·  Many of these facts are set forth in a former appeal of this case. See: *Carter* v. *Olsin,* 226 Ark. 760, 293 S. W. 2d 890.

On the former appeal we held that appellant had the right to drive his cattle across appellee's land to reach a pasture belonging to appellant.   Incidentally it was developed, on the first appeal, that appellee and appellant had improvised a passage-way running east and west with gates at both ends.   The south line of this passage-way ran along the south border of appellee's land, but the wire fencing on the north side was placed on poles belonging to the Arkansas Power & Light Company. This resulted in the east end of the passage-way or lane being only a few feet wide and in the west end being 150 yards wide.   The litigation all began when appellee obstructed the openings or gates at the east and west ends of the lane.

Our mandate on the first appeal, issued December 13, 1956, directed the Chancery Court "to enter an order compelling appellee to remove the obstructions from the lane . . ."   This, of course, referred to the gates which appellee had closed.   When the matter was presented to the trial court upon remand it was determined that appellee had removed the fence on the north side of the lane while the first appeal was pending.   Consequently the Chancellor not only ordered appellee ". . . to remove the obstructions from the lane . . ." but (by an order made on December 13, 1956 and entered *nunc pro tunc* on February 4, 1957) also ordered appel-

lee ". . . to restore the fence along the north side of the lane . . ." as it previously existed ". . . except that said wire will not be attached to the power poles . . .", giving appellee 45 days from February 4, 1957 to comply with the court's order.

It is admitted that the June, 1956 term of Chancery Court for Drew County expired on February 3, 1957.

On March 19, 1957, appellee filed a petition setting forth, in effect, that no court order had established the size of the lane; that there was no need for the lane to be 150 yards wide at the west end, and; that the present lane contained about 7 acres of appellee's land while one-half acre was ample. The prayer was that the court, after notice to appellant, fix the boundaries of the lane and that appellee be given additional time to comply with whatever order the court might issue.

Pursuant to the above petition, the trial court on May 14, 1957, at a hearing attended by both parties, issued its order definitely fixing the boundaries of the lane, making its width from north to south 30 feet and uniform. It was the contention of appellant then and now that the trial court had no power or jurisdiction to issue the above order since it lost all control over orders issued prior to the expiration of the term of court on February 3, 1957. In support, appellant cites *Spivey v. Taylor,* 144 Ark. 301, 222 S. W. 57; *Bright v. Johnson,* 202 Ark. 751, 152 S. W. 2d 540; and *Moon v. Moseley,* 205 Ark. 134, 167 S. W. 2d 871.

While we agree with the principle of law cited above and relied on by appellant, we do not think it is applicable to the facts of this case. When the trial court, on December 13, 1956, ordered appellee to replace the north fence and fixed the date for compliance beyond the expiration date of that term of court, the court thereby retained jurisdiction of the matter for further proceedings. The matter of the width of the lane was, at all times, incidental to the main issue—the right of appellant to drive his cattle across appellee's land. When the trial court on December 13, 1956 ordered appellee to restore the fence on the north side of the lane it, in effect,

if not in fact, issued a mandatory injunction against appellee. In such a situation we have repeatedly held that the court does not lose control or jurisdiction with the lapse of the term of court. See: *Stane* v. *Mettetal*, 213 Ark. 404, 210 S. W. 2d 804; *Local Union No. 656 et al.* v. *Missouri Pacific Railroad Co., Thompson, Trustee*, 221 Ark. 509, 254 S. W. 2d 62, and; *Self* v. *Taylor*, 224 Ark. 524, 275 S. W. 2d 21.

Appellant does not complain that he has been denied any of the fruits of his victory. He has a passageway for his cattle, and he makes no contention that a 30 feet wide lane is not adequate for the purpose for which it is to be used.

Affirmed.