BLOCK *v*. ARK. BAR ASSOCIATION.

5-2389                                           345 S. W. 2d 471

Opinion delivered April 24, 1961.

*Warren & Bullion,* for appellant.

*U. A. Gentry,* for appellee.

JIM JOHNSON, Associate Justice. Following our decision in *Arkansas Bar Association* v. *Block,* 230 Ark. 430, 323 S. W. 2d 912, the trial court, in accordance with the mandate of this Court, entered an order enjoining Sam Block and other members of the Arkansas Real Estate Association from filling in the blank spaces on standardized forms such as deeds, loan applications, mortgages, etc., in connection with real estate transactions on the theory that the same constituted the unauthorized practice of law. The phase of the litigation here on appeal arose when the trial court ruled that it

had no jurisdiction to consider the verified application of appellants, Sam Block, et al, to modify the aforesaid injunction with respect to loan applications.

The appellants, Sam Block, et al, have appealed and raise but one point, which is aptly stated in their brief as follows:

"There is but one question involved in this appeal and that is solely a question of law. Whether the Chancery Court properly should modify its decree of injunction is not now presented, and, indeed, should not be considered, since the petitioners have had no opportunity to present their reasons to the Court for the modification or for the change of circumstance which would warrant the modification. The sole question is whether the Chancery Court has the power to modify the injunction once it has been entered."

The appellees, while admitting that in ordinary cases an injunction may be revoked or modified, take the position that since the injunction here was entered on a mandate of this Court, any modification thereof would not be in conformity to the mandate and that therefore the trial court was without jurisdiction. The fact that the injunction was issued on a mandate of this Court goes only to the question of whether the trial court properly should modify the decree and not to its jurisdiction.

In *Stane v. Mettetal,* 213 Ark. 404, 210 S. W. 2d 804, this Court held that the rules with respect to the vacation or modification of judgments or decrees have no application to the power of the chancery courts to vacate, set aside or dissolve an injunction previously granted provided no vested rights of the parties are abrogated. To the same effect, see: *Local Union No. 656, et al. v. Mo. Pac. Rd. Co., Thompson, Trustee,* 221 Ark. 509, 254 S. W. 2d 62. Thus the trial court was in error in holding that it had no jurisdiction to consider the petition to modify the injunction decree.

Reversed and remanded for trial on the merits.

ROBINSON, J., concurs.