Elton J. HABERMAN et ux *v.* Peter
VAN ZANDVOORD et ux

CA 80-467                              614 S.W. 2d 242

Court of Appeals of Arkansas
Opinion delivered April 22, 1981

*Charles E. Davis*, for appellants.

*Ralph C. Williams*, for appellees.

JAMES R. COOPER, Judge. This is an appeal from a ruling by the Chancery Court of Benton County, Arkansas, which held that appellants were not in contempt of court and which modified a prior decree of that court regarding a permanent injunction.

This case originated with a suit by appellees against

appellants which resulted in an order of the Benton County Chancery Court requiring appellants to reduce the height of a spillway by one foot. The spillway and dam had been erected across a stream which caused water to back up onto appellees' lands. On September 6, 1979, a petition asking that appellants be cited for contempt was filed. It alleged that they had not only failed to reduce the height of the spillway, but that they had increased its height so as to cause the water to back up on appellees' land more than it was on July 9, 1979. On March 3, 1980, the chancellor entered a decree finding that appellants were not in contempt but he modified the original order and required that the spillway should be maintained so as to allow the water behind the dam to rise no closer than 83 inches to the top of the bridge curb on the east side of the bridge on the roadway between the land of the parties. The Court found that it intended by its order of July 9, 1979, that the water be maintained so the level of the water would be no higher than it was prior to the work performed by appellants on the dam on or about October 13, 1978. The Court then found that the 83 inch measurement would accomplish that result. From that decree comes this appeal.

The first issue we must decide is whether the Chancellor abused his discretion by ruling on an issue which was not before the court on the pleadings. Appellants had been cited for contempt for failure to comply with the earlier order. The Court, after testimony was adduced and evidence introduced, found that appellants had, in good faith, attempted to comply with the earlier order. The Court, after hearing all the testimony and viewing the exhibits, found that the earlier order did not do what the Court wanted done, and that a different measurement was necessary to insure the desired result. It appears that, upon proper notice, the Court could modify its previous order. *Carter* v. *Oslin*, 228 Ark. 629, 309 S.W. 2d 328 (1958).

The original complaint complained of water backing up on appellees' land as a result of appellants' dam. The Court found that in order to prevent the appellees from being deprived of the use of their land, the spillway would be lowered one foot. After the contempt hearing it was obvious

to the Chancellor that, even though appellants had tried to comply with the order, appellees were still being deprived of the use of part of their land due to the water backing up. The Chancellor modified the decree and in so doing changed the method of achieving the result he felt was equitable. He did not change the result, or the relief he intended, but only changed the manner by which the relief was to be achieved. His actions did not constitute an abuse of discretion.

The prayer for relief in the Petition for Citation for Contempt asks for, among other things, "all proper relief." The Arkansas Supreme Court has held that in equity cases:

> . . . the cause of action and relief granted are determined by the allegations of fact in the pleading, if there is a prayer for general relief, in the absence of surprise. *Henslee* v. *Kennedy*, 262 Ark. 198, 555 S.W. 2d 937 (1977).

In *Johnson* v. *Arledge*, 258 Ark. 608, 527 S.W. 2d 917 (1975), the Court held that:

> . . . Even though appellant did not specifically pray for judgment for arrearages, she was, in equity, under her prayer for general relief entitled to any relief in equity that would be justified upon proof of the facts alleged.

In this case, the petition for contempt alleged that the actions of appellants had caused more water to back up on to appellees' land than was present at the date of trial. This pleading of fact put appellants on notice that one of the issues before the Chancellor was the depth of the water and the degree to which it flooded appellees' land. There is no claim of surprise by appellants, and it appears to us that the question of the water level was fully litigated at the contempt hearing. We also note that either party is free to petition the Court for further modification if they so desire.

Secondly, appellants argue that the Court could not modify the prior decree after the expiration of ninety days from entry of the first decree, and, in support of this argument, cite Rule 60 (b) of the Arkansas Rules of Civil Proce-

dure. However, we do not believe that the rule prevents modification to carry out the intent of the original order. *Carter* v. *Oslin*, supra.

In that case, the Court said:

> ... When the trial court on December 13, 1956, ordered appellee to restore the fence on the north side of the land it, in effect, if not in fact, issued a mandatory injunction against appellee. In such a situation we have repeatedly held that the Court does not lose control or jurisdiction with the lapse of the term of Court. ... [Citing Cases].

In *Local Union No. 656 et al* v. *Thompson*, 221 Ark. 509, 254 S.W. 2d 62 (1953), the Court, in discussing appellants' fear that the injunction, if left to stand, would prevent picketing during another strike, stated:

> ... Even so, the appellant's remedy is in the trial court and not here. An injunction, unlike most judgments, may be modified or vacated after the lapse of the term without regard to the statutes that ordinarily come into play when the term expires. *Stane* v. *Mettetal*, 213 Ark. 404, 210 S.W. 2d 804. ...

We find that the Chancellor had the authority to modify or clarify his original order.

For their third point, appellants argue that the decree is against a preponderance of the evidence. We will not disturb the findings of the Chancellor unless we believe his findings to be against a preponderance of the evidence or clearly erroneous. Rule 52, Ark. Rules of Civil Procedure.

In this case the Chancellor heard several witnesses testify as to the water level and as to the methods they used to measure it. The Chancellor appears to have viewed the property, although the record is not clear on this point. From the record we are unable to say that the findings of the Court are against a preponderance of the evidence or that they are clearly erroneous.

Appellants argue that engineering studies are needed, and if that is true they are free to procure them and petition the Court for further modification of its order.

On the record we find no error.

Affirmed.