The Honorable Mike Ross State Senator P.O. Box 374 Prescott, Arkansas 71857
Dear Senator Ross:
This is in response to your request for an opinion on two questions regarding the constitutionality of Section 5 of Senate Bill 587, in light of the Arkansas Supreme Court's decision in Power v. Osborne,318 Ark. 858, 890 S.W. 2d 570 (1994). The Supreme Court, in that decision, enjoined the appellants (Mitzi and Jennings Osborne) from "placing massive Christmas light displays on and about their home that are calculated to and do attract an unusually large number of visitors to the neighborhood." 318 Ark. at 866.[1]
Senate Bill 587 is entitled "AN ACT TO PROTECT CITIZENS' RIGHT TO CELEBRATE RELIGIOUS HOLIDAYS THROUGH DISPLAYS AND LIGHTING; AND FOR OTHER PURPOSES." The bill states that its purpose is to "prohibit all branches of State and local government, including courts, from burdening the religious freedom of people who wish to erect or view religious holiday displays or lighting by means of injunctions or other coercive or punitive actions." SB 587, Section 1. The bill then goes on to state that "no court or other instrumentality or officer of State, county, or municipal government shall interfere with the free exercise of such right. . . ." SB 587, Section 3. Section 4 of the bill states that "[n]o court of this State shall hold that the construction, maintenance, or operation of a religious holiday display or lighting constitutes a public or private nuisance unless the period of operation has exceeded thirty (30) days. . . ." Your questions, however, refer to Section 5 of the bill, which provides as follows:
 SECTION 5. Applicability of this chapter to displays or lighting erected after the effective date of this chapter.
 This chapter applies solely to religious holiday displays or lighting erected after the effective date of this chapter. Any injunction which conflicts with this chapter shall be void and unenforceable as applied to religious holiday displays or lighting erected after the effective date of the this chapter. [Emphasis added.]
Your questions with reference to this section are as follows:
 1. Does the General Assembly have the authority to overturn court decisions interpreting a common law subject such as nuisance?
2. Does Senate Bill 587 violate the separation of powers?[2]
The answer to your first question is "yes" in some cases, but is "no" with reference to the power attempted to be exercised in Section 5 of Senate Bill 587 above. The answer to your second question, in my opinion, is "yes."
In response to your first question, it is true that the General Assembly "may enact a statute to modify, for the future, the law as declared by decisions of the courts." 16 C.J.S. Constitutional Law § 115. It has been held in this regard that the Arkansas Supreme Court's abolition of the common law doctrine of sovereign immunity for municipal corporations could be overturned by legislative action, and the immunity thus reinstated. See Hardin v. City of DeValls Bluff, 256 Ark. 478,508 S.W. 2d 737 (1974) (stating that absent any constitutional basis for the court's prior ruling, the legislature was free to legislate in the field and to declare the State's public policy). See also Shultz v. Young,205 Ark. 533, 169 S.W.2d 648 (1943) (stating that the legislature had the power to change the rule announced by a court concerning the contribution of tortfeasors). Of course, the rule is not absolute. The legislature cannot, in exercising this power, run afoul of constitutional provisions. See, e.g., Hardin v. City of DeValls Bluff, supra, and PhelpsDodge Copper Products Corporation v. United Electrical, 138 N.J. Eq. 3,46 A.2d 453 (1946) (holding that the legislature did not have authority to enact legislation restricting the issuance of injunctions and declaring certain actions which would otherwise constitute nuisances lawful, because it would be doing away with the only sufficient remedy for a certain class of wrongs while offering nothing in its place). Seealso Arkansas Constitution, art. 2, § 13.
Section 5 of SB 587 does not attempt to modify, for the future, the law as declared by decisions of the courts. Rather, it seeks to annul existing permanent injunctions granted by courts. It has been stated that legislation can "neither overturn an interpretation already given by the courts, nor bind the latter, with respect to . . . transactions which occurred or rights of action which accrued prior to the passage of the declaratory act." 16 C.J.S. Constitutional Law § 116. The exercise of such power by the legislature is unconstitutional under the separation of powers doctrine as will be more fully explained in response to your second question. Thus, the general authority of the legislature to "overturn" court decisions interpreting common law subjects cannot be exercised as attempted in Section 5 of SB 587.
With regard to your second question, you state that you have been advised that under the separation of powers doctrine,[3] if something already has occurred and has been ruled illegal, the legislature cannot retroactively legalize it. For example, if a tax was illegally collected in 1994, the 1995 legislature cannot go back and make it legal. You cite for this proposition Hartwick v. Thorne, 300 Ark. 502, 512-A and B,780 S.W. 2d 531 (1989). But, you note, the 1995 legislature could authorize an identical tax for 1996. You cite for this proposition Federal ExpressCorporation v. Skelton, 265 Ark. 187, 587 S.W. 2d 1 (1979). You state that your intent in sponsoring this bill is not to affect the legality of any religious holiday light displays which have occurred in past years, but is rather to legalize religious holiday light displays for religious holidays occurring after the effective date of the act you propose. You thus state your belief that the bill is not unconstitutionally retroactive.
This line of analysis, in my opinion, ignores the nature and effect of permanent injunctions. It has been stated as regards permanent injunctions that:
 Unless otherwise provided by its terms, the injunction will remain in force as long as the court may feel that the protection which it affords is necessary to complainant's rights, or until conditions demand a modification of that protection or its entire removal. There is no doubt but that the court which renders a decree for a permanent or perpetual injunction may open or modify the same where the circumstances and circumstances of the parties are shown to have so changed as to make it just and equitable to do so, and especially where the decree itself reserves the right.
Ozark Bi-Products, Inc. v. Bohannon, 224 Ark. 17, 271 S.W. 2d 354
(1954), citing 28 Am. Jur. 494.
The proper course of action to have a permanent injunction removed or modified is to apply to the trial court for relief. See OzarkBi-Products, supra; Haberman v. Van Zandvoord, 1 Ark. App. 203,614 S.W. 2d 242 (1981); and Local Union No. 656 v. Missouri PacificRailroad Co., 221 Ark. 509, 254 S.W.2d 62 (1953). The power to remove a permanent injunction thus resides in the judicial branch. The legislature does not have the power to remove or annul a permanent injunction entered by a court. It has been stated in this regard that "[w]here litigation has proceeded to a judgment which determines the controversy on its merits, it is beyond the power of legislation to alter or control such judgment. In other words, legislative action cannot be made to retroact on past controversies which the courts in the exercise of their undoubted authority have determined, and the legislature may not abrogate or reverse a judicial decision." 16 C.J.S. Constitutional Law § 128. Seealso 16 C.J.S. Constitutional Law § 131, stating that the "legislature may not abolish or abridge the power of courts to issue injunctions. . . ." Because, therefore the bill attempts to annul existing injunctions which have been previously issued and are still in force, it does attempt to "retroact" on past controversies which the courts have determined. See also Federal Express Corp. v. Skelton, 265 Ark. 187,578 S.W.2d 1 (1979) (stating that there is no provision which authorizes the legislature to retroactively annul a decision of the court).
It is therefore my opinion that the answer to your second question is "yes," Section 5 of SB 587 violates the separation of powers doctrine.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The court remanded the case to the chancery court for enforcement of the injunction. It appears that the injunction is "permanent" in nature. Although some aspects of the case are still pending, and there may be an appeal of the decision to the United States Supreme Court, it does not appear that your questions regarding SB 587 are in anyway implicated in the litigation. The issuance of an opinion on these questions is therefore not prohibited by this office's long-standing policy of declining to issue opinions on questions which are the subject of pending litigation.
[2] Your questions are limited in nature, and thus I express no opinion on any of several other potential constitutional issues arising in light of this bill or Section 5 thereof.
[3] This doctrine is embodied in Arkansas Constitution, art 4. §§ 1 and 2 which provide respectively as follows: "The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confined to a separate body of magistracy, to wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another." "No person, or collections of persons, being one of these departments shall exercise any power belonging to either of the others except in the instances hereinafter expressly directed or permitted."